# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MR. PETER ALLEN TREADWAY, JR., : | |
|     Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. 20-CV-1306 |
| : | |
| WEST CHESTER, CHESTER COUNTY,: | |
| PA, : | |
|     Defendant. : | |

## MEMORANDUM

**BAYLSON, J.**                                                                                          JUNE – 17–, 2020

    Plaintiff Peter Allen Treadway, Jr., a prisoner currently incarcerated at SCI-Greene, initiated this civil action against "West Chester, Chester County, PA," raising assorted challenges to the fact and circumstances of his confinement.   For the following reasons, the Court will dismiss this case as legally frivolous pursuant to 28 U.S.C. § 1915A(b)(1).

## I.       FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY

    Treadway initiated this civil action by filing a document titled "Motion § 11.65; Rule 35A Bonafide Motion to Correct or Reduce Sentence Key 899."   The document is rambling and difficult to understand.  Although unclear, the document appears to both challenge a 2011 judgment of sentence issued by a state court and discuss conditions of confinement.  As Treadway sought leave to proceed *in forma pauperis* within the document, the Clerk's Office bifurcated the consecutively paginated document and entered it as two separate docket entries, namely a Motion to Proceed *In Forma Pauperis* (ECF No. 1) and a Complaint (ECF No. 2).

    In a March 23, 2020 Order, the Court denied Treadway leave to proceed *in forma pauperis* without prejudice because he did not include an affidavit of poverty along with an

affidavit of his assets or provide a certified copy of his prisoner trust fund account statement, but gave him thirty days to cure those defects. (ECF No. 4.) In the Order, the Court explained that although Treadway's submission was unclear, the Court "construed it as a civil complaint, rather than a petition for a writ of *habeas corpus*, because Treadway has a pending *habeas* petition, which he is pursuing with the benefit of counsel. *See Treadway v. Guilmore*, Civ. A. No. 18-2599 (E.D. Pa.)." (*Id.* at 1 n.1.) However, due to difficulties resulting from the COVID-19 pandemic, the Clerk's Office was not able to serve the Order on Treadway.

On April 14, 2020, Treadway filed what appears to be an amended pleading, docketed as an Amended Complaint, against "West Chester, County," "DOC Greene" and "Judge Louis Dayich," and titled "'Petition as to the Order of [Governor] Tom Wolf' Cause of Action Value of Worth." (ECF No. 5 at 1.) Leaving aside the references to God and biblical figures, the gist of the filing is that Treadway seeks to be transferred from SCI-Greene to SCI-Phoenix to be closer to home. (*Id.*) It appears he was told or was under the impression that he would be transferred but that those plans were altered because of the COVID-19 pandemic. (*Id.* at 2.) Treadway also alleges that he should be released because he is innocent and his conviction is flawed. (*Id.* at 3-7.) He also appears to request that the Court declare COVID-19 "dead." (*Id.* at 21.)

## II.     STANDARD OF REVIEW

Treadway has neither paid the fees to commence this civil action nor filed a motion to proceed *in forma pauperis* that substantially complies with 28 U.S.C. § 1915. Until recently, this Court would have been precluded from addressing his pleadings unless and until he either paid the fees or was granted leave to proceed *in forma pauperis*. *See, e.g.*, *Francis v. State of N.J. Office of Law Guardian*, 289 F. App'x 472, 474 (3d Cir. 2008) (per curiam) (explaining that district court erred in addressing complaint before IFP was granted, because the "complaint was

not yet subject to dismissal"); *Urrutia v. Harrisburg Cty. Police Dep't*, 91 F.3d 451, 458 & n.13 (3d Cir. 1996) (explaining that an action commences when a plaintiff pays the fees or following a determination that the litigant is entitled to *in forma pauperis*). However, in *Brown v. Sage*, 941 F.3d 655, 660 (3d Cir. 2019) (en banc), the United States Court of Appeals for the Third Circuit recently announced a "flexible approach" that permits the screening of complaints filed by prisoners pursuant 28 U.S.C. § 1915A even if the prisoner has neither paid the fees nor been granted *in forma pauperis* status.

Section 1915A requires that the Court "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). In doing so, the Court must dismiss a complaint or any portion thereof that "is frivolous, malicious, or fails to state a claim upon which relief may be granted." *Id*. § 1915A(b)(1). A complaint is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and is legally baseless if it is "based on an indisputably meritless legal theory," *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995). As Treadway is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen*., 655 F.3d 333, 339 (3d Cir. 2011).

**III.   DISCUSSION**

Treadway has not alleged a proper legal basis for a claim. His filings are unclear and, at times, do not appear to be seeking proper relief. However, to the extent the Amended Complaint

3

can be understood, Treadway's claims are best construed as seeking relief pursuant to 42 U.S.C. § 1983 primarily based on the failure to transfer Treadway from SCI-Greene to SCI-Phoenix.[1]

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "A defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). Indeed, "[b]ecause vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

Even leaving aside the fact that Treadway has not alleged how each named Defendant is responsible for violating his rights, his claim suffers from a more fundamental flaw in that "an inmate does not have the right to 'be placed in any particular prison.'" *Chavarriaga v. New Jersey Dep't of Corr.*, 806 F.3d 210, 225 (3d Cir. 2015) (quoting *Meachum v. Fano*, 427 U.S. 215, 224 (1976)). Accordingly, Treadway cannot state a legal basis for a constitutional claim as a result of the fact that he was not transferred to SCI-Phoenix. Nor can the Court discern any non-frivolous or plausible basis for a claim against the Defendants.

Furthermore, to the extent Treadway seeks release based on alleged flaws in his conviction, including his actual innocence, his claims are not cognizable in a civil rights lawsuit.

---

[1] "In general, an amended pleading supersedes the original pleading and renders the original pleading a nullity." *Garrett v. Wexford Health*, 938 F.3d 69, 82 (3d Cir. 2019). "Thus, the most recently filed amended complaint becomes the operative pleading." *Id.* Furthermore, "liberal construction of a pro se amended complaint does not mean accumulating allegations from superseded pleadings." *Argentina v. Gillette*, No. 19-1348, 2019 WL 2538020, at *1 n.3 (3d Cir. June 20, 2019). Accordingly, the filing docketed as "Amended Complaint" is the governing pleading in this case.

That is because "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Furthermore, as noted in the Court's March 23, 2020 Order, Treadway has a pending *habeas* petition, through which he may raise challenges to his conviction with the benefit of counsel. *See Treadway v. Guilmore*, Civ. A. No. 18-2599 (E.D. Pa.). The dismissal of this case should not constitute a bar to Treadway attacking his conviction in that *habeas* proceeding. *See Rushing v. Pennsylvania*, 637 F. App'x 55, 58 n.4 (3d Cir. 2016) (per curiam).

### IV.     CONCLUSION

For the foregoing reasons, the Court will dismiss this case as legally frivolous pursuant to 28 U.S.C. § 1915A(b)(1).[2] Treadway's claims are dismissed with prejudice, because amendment would be futile, although this dismissal should not prevent Treadway from proceeding with challenges to his conviction in his pending *habeas* matter. An Order follows.

BY THE COURT:

s/ Michael M. Baylson
**MICHAEL M. BAYLSON, J.**

---

[2] To the extent Treadway again requests to proceed *in forma pauperis*, the request is denied as moot due to the dismissal of this case.